## GOODWIN v. RICHARDSON.

Claims which are not mutual can not be set off.

A judgment in favor of A, but appearing by the record to have been assigned to B, can not be set off against a judgment in favor of C, against A, but appearing to be assigned to D.

DEBT on a judgment, recovered in November, 1858, in favor of the plaintiffs against the defendant, for $193.94.  M. & S. claimed the exclusive interest in the suit as assignees of the judgment, and so gave notice on the writ.  The defendant, at the May term, 1862, confessed the action to the amount of $45.49, with interest from the 27th of August, 1861, and to the residue pleaded the general issue, with a brief statement that on the third Tuesday of October, 1858, one Ira Foster recovered judgment against the plaintiffs for $129.02, which had been before assigned to the defendant, as appeared by the record, that on the 27th of August, 1861, he settled and adjusted said judgment with the plaintiffs, and agreed to discharge his judgment and to pay the plaintiffs $45.49, being the difference of said judgments, the settlement being made with S., of the firm of M. & S.  It appeared that the court declined to render judgment in favor of Richardson, but the execution in favor of *Foster* v. *Goodwin* contained a recital, as follows: "And whereas said debt and judgment have been assigned by said I. Foster to William Richardson, as appears of record, we command you that, &c., you cause to be paid to said assignee," &c.  The case was tried by the court, and was transferred for decision of this question.  If the whole court shall be of opinion that the said execution can be set off, then $129.02 is to be deducted from the plaintiff's judgment ; otherwise judgment is to be rendered for the whole amount.

*Morrison & Stanley*, for the plaintiffs.

*W. C. & S. G. Clarke*, for the defendant.

BELL, C. J.  The general principle is very clear that upon a plea or notice of set-off, no other demands can be allowed in set-off than such as are mutual, that is, between the same parties in the same right.  In the application of this rule in some cases the real and not the merely nominal parties, plaintiff and defendant, are regarded

as if a suit is brought upon an indorsed note in the name of a nominal plaintiff, a set-off against the indorser and real plaintiff will be admitted. *Eaton* v. *Brown*, 4 N. H. 237; *Eaton* v. *Brown*, 6 N. H. 28; *Bellows* v. *Smith*, 9 N. H. 285. But where mutual claims between the parties to the record are not in their nature assignable at law, the fact that a third person has acquired an interest in the plaintiff's claim will not preclude a set-off of any claim of the defendant against the plaintiff existing at the time of assignment. *Sanborn* v. *Little*, 3 N. H. 539.

The claims of the parties in this case are not of a mutual character. The plaintiffs' claim is against the defendant. The claim of the defendant is in favor of Foster against the plaintiffs. Though the judgment is rendered upon a claim of Foster against the plaintiffs, the execution contains a recital by the clerk, that it appears by the record that the debt has been assigned to the defendant, and the sheriff is commanded in the execution from the goods of the defendant to cause the debt to be paid to the assignee. The question is, whether by virtue of this assignment and memorandum the debt is made the claim of the assignee, so as to entitle h'm to offset it against the plaintiff; and we are of opinion that notwithstanding this entry, Richardson was not in law the plaintiff, and the judgment was not in law in his favor, as seems quite apparent from the refusal of the court to order the judgment to be entered up in his name. But his interest is merely equitable, of which he may avail himself only by a set-off of judgments, and not by a plea of set-off. If it should be necessary to bring an action of debt on that judgment, it must be brought in the name of the original plaintiff. The rights of assignees of causes of action not at law assignable are to a certain extent noticed and protected in courts of law, but suits must generally be in the names of the original parties. By our rule of practice, the real party is to be treated as the person entitled to be served with notices, instead of the nominal plaintiff, if the name of such real party, or party in interest, as he is often called, is placed on the docket as such. General Rules, 22. By our statute (Rev. Stat., ch. 196, sec. 14; C. S. 503), the person having the estate or right of the creditor, purchaser, or debtor, in any real estate taken in execution, shall be deemed to be, and shall have the rights, privileges and remedies in all cases of the creditor, purchaser, or debtor, as to all persons having notice of his right, and no act done by or to the original creditor, purchaser, or debtor, shall thenceforth be of any validity; so that, if notice of his claim is put upon the execution, the real party is entitled to be treated as the creditor in the execution, to receive the notices by law to be given to the creditor, to appoint the appraiser, and the extent is to be made in his favor, and seizin is to be delivered to him, and the estate vests in him upon the levy.

The effect of such a recital as appears in this execution, and direction to the officer to pay the debt to the assignee, is no more than a certificate by the clerk, which would more properly be made upon the back of the execution, that it appears by the record that the party claims to be assignee of the debt. But such assignee,

though regarded as the real plaintiff, has never been held the creditor, so as to be entitled to file the claim in set-off.

It is settled here that courts of law have power to set off mutual judgments. It is not necessary, nor is it enough for the judgments to be between the same nominal parties; for though the parties are nominally mutual, if one of the judgments has been *bonâ fide* assigned they will not be set off. The rights of the assignee will be protected. The real, not the nominal party, will be regarded. It is not necessary that the judgment should be in the name of the party claiming it. It is enough if it appears that he is the real owner. *Perley*, J., *Wright* v. *Cobleigh*, 23 N. H. 35. It is also settled that an officer in such case can not make a set-off of executions. In *Perkins* v. *Thompson*, 3 N. H. 145, *Richardson*, C. J., says: "It is agreed that one of the executions had been *bonâ fide* and for a valuable consideration assigned to another person, and in such a case the plaintiff was not entitled to have one of the executions set off against the other."

It seems to us clear that if the defendant is to be regarded as the creditor in the execution *Foster* v. *Goodwin*, and so entitled to make a set-off against Goodwin, M. & S. must be equally regarded as the creditors in the execution *Goodwin* v. *Richardson*, and of course entitled to be protected against a set-off of the executions.

The set-off claimed by the defendant being inadmissible, judgment must be rendered for the plaintiffs for the whole debt.